Pearsoh, J.
 

 This was debt upon a promissory note — The defendants relied upon the plea of usury. It was proven, that the plaintiff, who is a citizen of Georgia and has been in the habit, for many years, of spending his summers in this State at the springs, offered to lend one of the defendants six thousand dollars, the interest to be paid annually and satisfactory security to be given. This offer was made in Asheville. Afterwards the plaintiff, having returned to Georgia, wrote a letter to the defendant, William T. Coleman, informing him that he had not sold his cotton crop, as he had expected to have done, but would be able to accommodate him with three thousand dollars. Whereupon the defendant, Coleman, procured a note to be signed by himself and the other defendants, carried it to Augusta, Geogia, then filled it up, de
 
 *304
 
 livered it to the plaintiff, and received from him three thousand dollars. Eight per cent, is the legal rate of interest in the State of Georgia.
 

 The only question was, whether the contract was made in this State or in the State of Georgia, there being a difference in the rate of interest. The jury, under the instructions of the Court, returned a verdict for the plaintiff, with eight per cent, interest, and from the judgment thereon, the defendant appealed.
 

 We think it clear, that the contract was made and carried into effect in the State of Georgia, and must be governed by the law of that State. The chaffering or talk about the loan of money, which took place in this State, did not amount to a contract. If the plaintiff had refused to lend the money, the defendants would have had no cause of action against him ; nor would the plaintiff have had a cause of action against them, for failing to apply for the money. So, in fact, there was no definite contract made in this State, but a mere preliminary arrangement, having no force nor effect in legal contemplation, until consummated by the delivery of the note and the receipt of the money, all of which took place in the State of Georgia. We, therefore, concur in the opinion of his Honor, that the contract cannot be avoided upon the plea of usury, inasmuch, as, although first spoken of and mentioned in this State, it was not, in fact, consummated, until the parties met in the State of Georgia; and there was no evidence of any collusion or corrupt agreement
 
 to
 
 evade the law of this State.
 

 Psb Curiam. Judgment affirmed.